**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

BRAD BOYER,                                     )
                                                )
                        Plaintiff,              )
                                                )
v.                                              )        Case No. CIV-20-442-TDD
                                                )
KEITH T. PRICE and JEREMY DUSKIN,               )
                                                )
                        Defendants.             )

**O R D E R**

Before the Court for consideration is Plaintiff's Motion in Limine [Doc. No. 34],

which is fully briefed and ripe for decision.[1]

In this diversity case, Plaintiff Brad Boyer claims that Defendants Keith T. Price

and Jeremy Duskin were negligent in operating their respective motor boats on Lake

Tenkiller and causing a collision in which Plaintiff was ejected from the boat where he was

riding as a passenger.  The trial issues are framed by the Final Pretrial Report [Doc. No. 30],

which states the parties' contentions and stipulations.  Plaintiff seeks pretrial rulings

regarding anticipated evidence in the jury trial set to begin with jury selection on

December 10, 2021.

**A.      Comparative Negligence**

Plaintiff moves to prohibit any argument by Defendants regarding a defense of

comparative negligence.  Plaintiff points to factual stipulations of the parties that he "was

---

[1] One defendant filed a Response [Doc. No. 39].  There was no reply.  *See* LCvR 7.1(c).

not operating or in control of either boat at the time of the collision" and "no evasive action could be taken on the part of Plaintiff to avoid the collision." *See* Final Pretrial Rep. at 3. From this, Plaintiff asserts that Defendants lack any factual basis to argue that his recovery should be reduced or barred by comparative negligence.

In response, Defendant Price does not disagree with the legal premise of Plaintiff's argument but, instead, refuses to concede there is no factual basis for a jury to find that Plaintiff's conduct played a part in the accident. Defendant Price notes that Plaintiff alleges Defendant Duskin (the driver of the boat in which Plaintiff was riding) was operating his boat at night without lights, which suggests Plaintiff "made the choice to be in the middle of the lake at night on a boat that was not fully operational." *See* Def.'s Resp. Br. at 1. Defendant Price argues that a jury question regarding Plaintiff's role may be presented by the trial evidence.

The Court finds that Plaintiff's argument is legally sound. "There is no ambiguity in Oklahoma law. As a matter of Oklahoma law, comparative negligence principles do not apply where the plaintiff is blameless." *Breeden v. ABF Freight Sys., Inc*., 115 F.3d 749, 753 (10th Cir. 1997). The Tenth Circuit concluded from decisions of the Oklahoma Supreme Court in *Berry v. Empire Indemnity Insurance Co*., 634 P.2d 718, 719 (Okla. 1981), and *Boyles v. Oklahoma Natural Gas Co*., 619 P.2d 613, 616 (Okla. 1980), that "[a] plaintiff who is not contributorily negligent is entitled to recover in full from any of the joint tort-feasors." *Breeden*, 115 F.3d at 752-53. The Oklahoma Supreme Court reiterated this rule in *National Union Fire Insurance Co. v. A.A.R. Western Skyways, Inc*., 784 P.2d 52 (Okla. 1989): "Within Oklahoma then, in such a case ['in which the injured party is not

a negligent co-actor'], joint and several liability with the right at common law of the plaintiff to recover all of his damages from any tortfeasor regardless of the degree of negligence that party contributed to the plaintiff's damages, continues to be the law." *Id.* at 56 (quoting *Berry*, 634 P.2d at 719) (footnote omitted).

In *Berry*, the court summarily rejected an argument that a passenger was removed from this rule by an allegation that he failed to warn the driver of the vehicle in which he was riding of an approaching danger. *See Berry*, 634 P.2d at 719 (finding "such distinction irrelevant" and *Boyles* was controlling). Here, Defendant Price similarly fails to explain how Plaintiff's failure to appreciate a problem with his driver's boat (if that is the jury's finding) would support a defense of comparative negligence.

Nevertheless, the Court finds that the relief sought by Plaintiff's Motion is procedurally improper. Under the guise of requesting a pretrial ruling on the relevance of certain topics at trial, Plaintiff seeks a dispositive ruling on an affirmative defense raised by Defendants' pleadings. *See* Def. Duskin's Answer [Doc. No. 9], ¶ 6; Def. Price's Answer [Doc. No. 11], ¶ 19. "'A motion *in limine* is a request for guidance by the court regarding an evidentiary question,' which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)). A motion for summary judgment under Fed. R. Civ. P. 56 is the means to adjudicate a claim or defense. The Court declines to resolve the availability of an affirmative defense on an incomplete record and without factual context. However, should the trial evidence fail to provide a factual basis for the defense of comparative negligence,

the Court will not instruct the jury regarding the defense, and defense counsel will not be permitted to address it in their closing arguments.

For these reasons, Plaintiff's Motion to prohibit argument regarding comparative negligence is denied.

**B.      Alcohol Consumption**

Plaintiff moves to exclude as irrelevant and unduly prejudicial under Fed. R. Evid. 403 any evidence regarding the type or number of alcoholic drinks that he consumed on the night of the accident.  He argues that as a mere passenger, his alcohol consumption was not a factor in the accident or his injuries and, thus, introducing such evidence would serve no proper purpose.

Defendant Price responds that this evidence is relevant to Plaintiff's credibility as a witness.  Defendant contends Plaintiff's level of alcohol consumption may have impaired his perception or recollection of events and that this evidence is important to permit the jury to evaluate and weigh Plaintiff's testimony.

The Court agrees that Plaintiff's alcohol consumption is relevant to the credibility of his testimony.  Further, the Court finds that Plaintiff has not shown the probative value of this evidence is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly cumulative evidence."  Fed. R. Evid. 403.  Therefore, Plaintiff's Motion to exclude evidence of his alcohol consumption is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine [Doc. No. 34]

is **DENIED**.

**IT IS SO ORDERED** this 3rd day of December, 2021.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE