IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRAD BOYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-442-TDD |
| | ) |
| KEITH T. PRICE and JEREMY DUSKIN, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Before the Court for consideration are Defendants' Motions in Limine [Doc. Nos. 27 and 31], which are fully briefed and ripe for decision.[1]

In this diversity case, Plaintiff Brad Boyer claims that Defendants Keith T. Price and Jeremy Duskin were negligent in operating their respective motor boats on Lake Tenkiller and causing a collision in which Plaintiff was injured when he was ejected from the boat where he was a passenger. Defendants move to exclude numerous potential subjects of inquiry and exhibits. As to most topics, Plaintiff does not oppose Defendants' position. Thus, the Court proceeds to address the following contested issues.[2]

---

[1] Defendants filed separate motions that raise the same issues, and thus, Plaintiff filed a single Response [Doc. No. 41]. Neither defendant filed a reply brief.

[2] Plaintiff states that he does not intend to offer the following types of evidence or arguments to which Defendants object: 1) evidence of settlement offers or negotiations (absent exceptional circumstances under Rule 408(b)); 2) the official marine accident report from a law enforcement investigation; 3) opinion testimony by the investigating officer regarding causation or fault in the accident; 4) the testimony of any expert who was not timely disclosed; 5) the insurance defense practice of Defendants' counsel; 6) any evidence or statements suggesting the existence of liability insurance; 7) statements regarding persons who were not called as witnesses or Defendants' failure to call a witness; 8) untimely disclosed witnesses, exhibits, or information;

## A.        Opinion Testimony by Lay Witnesses

Defendants anticipate that Plaintiff may elicit opinion testimony from lay witnesses regarding causation of his physical injuries, and present evidence regarding his injuries that is not "competent medical evidence," that is, expert testimony. *See* Def. Price's Mot. at 8 (quoting *Clark v. Woolley*, 355 P.2d 864 (1960)); Def. Duskin's Mot. at 4 (same).[3] Plaintiff contends expert testimony is not needed to prove that his claimed injuries were caused by the accident and that lay opinions, including his own testimony, are sufficient.

As framed by the parties' arguments, the Court views the issue to be whether the Plaintiff can testify about, or ask lay witnesses to give, opinions about the injuries that Plaintiff allegedly suffered as result of the accident. The admissibility of such evidence is governed by Fed. R. Evid. 701. Rule 701 permits lay opinion testimony if it is "rationally based on the perception of the witness" and "helpful to . . . the determination of a fact in issue." The Court finds Rule 701 controls the issue raised by Defendants' Motions.

Defendants do not explain the factual basis of their position that expert medical testimony regarding Plaintiff's injuries is required. However, their cited legal authority has limited applicability and does not seem to fit the alleged facts of this case. In *Clark v. Woolley*, 1960 OK 199, 355 P.2d 864, 868, the Oklahoma Supreme Court held that the

---

9) improper rebuttal evidence; 10) "Golden Rule" arguments; 11) expert testimony by Plaintiff's treating physicians (that is, opinions beyond their areas of examination and treatment); and 12) Defendant Price's prior convictions or arrests. Plaintiff states that he does not intend to broach these topics. Thus, the Court finds these parts of Defendants' Motions are moot.

[3]   Defendant Price also cites generally, *McKellips v. St. Francis Hospital*, *Inc.*, 741 P.2d 467 (Okla. 1987). *See* Def. Price's Mot. at 5. *McKellips* was a medical malpractice case involving the loss of chance doctrine. Its applicability in this case is unclear and unexplained.

2

plaintiff's negligence claim failed for lack of proof where "her claimed injuries were subjective in character" and "were not such as would be plainly apparent from objective symptoms, or would necessarily arise out of an accident such as the one involved, or result from the 'jolt' or 'shaking up' that she claimed to have received in it." Under these circumstances, the court concluded that the plaintiff's alleged injuries were "such as to require expert medical testimony to determine their cause, nature and extent" and that absent "such medical evidence, she failed to prove they were proximately caused by the automobile accident." *Id.* In contrast, in this case Plaintiff states that his injuries were plainly apparent from objective symptoms, such as broken ribs and teeth.

To the extent Plaintiff's counsel elicits from Plaintiff and other witnesses who had a sufficient opportunity to observe Plaintiff's condition, their personal opinions regarding Plaintiff's injuries allegedly caused by the boat collision, the Court finds that the witnesses' testimony is generally admissible under Rule 701. Defense counsel should make contemporaneous objections at trial to any testimony that they believe is inadmissible under this rule. Therefore, Defendants' Motions regarding lay witness testimony about Plaintiff's alleged injuries is denied.

**B.     Hearsay Statements of Healthcare Providers**

Defendants object to the admission of hearsay statements made by persons who provided Plaintiff's medical care. Defendant Price phrases his request broadly to prohibit "all statements made to the Plaintiff by any healthcare provider." *See* Def. Price's Mot.

at 5-6.[4]  Plaintiff responds simply that medical records may fall within several exceptions to the hearsay rule.  *See* Pl.'s Resp. Br. at 2 (citing Fed. R. Evid. 803(3)-(6)).[5]

Upon consideration, the Court finds that it cannot make a pretrial ruling on the admissibility of any particular statement or hearsay issue.  Plaintiff is correct that medical records are often admissible.  However, the Court understands Defendants' concern is broader and includes testimony by Plaintiff regarding oral statements made to him by treating physicians or medical care providers.  The Court must address these concerns in the context of the trial evidence upon contemporaneous objection.  Therefore, Defendants' Motions regarding inadmissible hearsay statements by medical care providers is denied.

## C.  Plaintiff's Medical Expenses

Defendant Price seeks to exclude evidence of any amount of medical expenses billed by healthcare providers in excess of the amount actually paid.  He relies on an Oklahoma statute that imposes a limitation on damages in personal injury actions, Okla. Stat. tit. 12, § 3009.1, to argue that some evidence may be irrelevant and should be excluded under Rule 403 as prejudicial and misleading.  *See* Def. Price's Mot. at 9.[6]

---

[4] Defendant Duskin targets "testimony by Plaintiff regarding what his medical providers told him."  Def. Duskin's Mot. at 4.

[5] This response may be colored by Defendants' assertion of hearsay objections in the Final Pretrial Report to every exhibit listed by Plaintiff that constitutes a medical record or bill.

[6] Defendant refers generally to Section 3009.1(A), which states in relevant part:

> Upon the trial of any civil action arising from personal injury, the actual amounts paid for any services in the treatment of the injured party, including doctor bills, hospital bills, ambulance service bills, drug and other prescription bills, and similar bills shall be the amounts admissible at trial, not the amounts billed for such expenses incurred in the treatment of the party.  If, in addition to evidence of

Plaintiff acknowledges the application of Section 3009.1 but argues, based on discussions among counsel, that Defendants misinterpret the statute. He thus proceeds to present an argument regarding recoverable damages that is not argued in Defendant Price's brief. Plaintiff addresses the effect of health insurance coverage based on an exhibit to his brief [Doc. No. 41-1] that is an insurer's explanation of benefits for an insurance claim. Based on a discussion of this issue during the pretrial conference, the Court understands that Plaintiff may offer this type of document at trial as evidence of his medical expenses.

Upon consideration, the Court finds that Defendant Price has not presented any evidentiary issue regarding Plaintiff's medical expenses that can be decided in a pretrial ruling. "'A motion *in limine* is a request for guidance by the court regarding an evidentiary question,' which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)). Defendant Price does not address in his Motion any specific evidence or evidentiary question. Therefore, Defendant Price's Motion on this issue is denied.

However, to the extent Plaintiff's counsel correctly identifies the disputed issue and articulates Defendant's position, the Court notes that Defendant Price has presented no legal authority to support his interpretation of Section 3009.1, and the Court has found

---

payment, a party submits a signed statement acknowledged by the medical provider or an authorized representative or sworn testimony that the provider will accept the amount paid as full payment of the obligations, the statement or testimony shall be admitted into evidence. The statement or testimony shall be part of the record as an exhibit but need not be shown to the jury.

none. Section 3009.1 plainly states that "the actual amounts paid for any services in the treatment of the injured party . . . shall be the amounts admissible at trial, not the amounts billed for such expenses . . . ." 12 Okla. Stat. tit. 12, § 3009.1(A). The statute does not limit a plaintiff's proof of medical expenses only to the amounts paid by the injured party out of his own pocket. Further, the Oklahoma Supreme Court stated in *Lee v. Bueno*, 2016 OK 97, ¶ 43, 381 P.3d 736, 750, that Section 3009.1 "is in accord with the common law collateral source rule because it does not prevent admission into evidence of the amount actually paid or owed for medical care, regardless of whether the amount was paid by the injured party or by some other entity on the party's behalf, such as an insurer." Thus, absent any contrary authority presented by Defendants, the Court will not limit Plaintiff's proof to the amount he personally paid for his medical treatment or care.

**IT IS THEREFORE ORDERED** that Defendant Price's Motion in Limine [Doc. No. 27] and Defendant Duskin's Motion in Limine [Doc. No. 31] are **DENIED**.

**IT IS SO ORDERED** this 6th day of December, 2021.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE